Bryan CLEVELAND, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2004–CA–000978–MR.

Court of Appeals of Kentucky.

Aug. 5, 2005.

Case Ordered Published by Court
of Appeals Sept. 9, 2005.

Julie Namkin, Assistant Public Advocate, Frankfort, KY, for Appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Wm. Robert Long, Jr., Assistant Attorney General, Frankfort, KY, for Appellee.

Before BARBER, KNOPF, and SCHRODER, Judges.

*OPINION*

BARBER, Judge.

Appellant, Bryan Cleveland (Cleveland), appeals his conviction of flagrant nonsupport, claiming that the Commonwealth of Kentucky lacked jurisdiction to hear his case. This appeal is based on a question of law; therefore, our review will be *De Novo*. Because we agree with the trial court that the Commonwealth of Kentucky does have jurisdiction, we affirm.

Appellant and his ex-wife were divorced in May of 1997 in Hamilton County, Tennessee where the court granted his ex-wife custody of their two children. The divorce decree ordered Cleveland to pay child support in the amount of $1,093.87 per month directly to his ex-wife. Several months following the divorce, Appellant's ex-wife moved with the children, to Graves County, Kentucky. The Appellant remained a resident of Tennessee.

In January of 2002, Appellant's ex-wife brought charges of flagrant nonsupport and harassing communications in the Graves District Court. The nonsupport charge was based upon Appellant's ex-wife's claim against him that he was more than $50,000 in arrears on his child support payments. Appellant moved the court to dismiss for lack of jurisdiction, but the circuit court denied the motion. On January 16, 2004 Cleveland entered an Alford Plea to the charges of flagrant nonsupport and harassing communications. The conditional guilty plea was entered reserving his right to appeal Kentucky's jurisdiction in the matter of flagrant nonsupport.

Appellant bases his appeal on two grounds. First, he admits that under Kentucky law he is guilty of flagrant nonsupport, but contends Kentucky lacks jurisdiction to find him criminally liable and second, that by exercising criminal jurisdiction over him, Kentucky violated the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. Essentially, the crux of the appeal is whether Kentucky has jurisdiction to try Appellant for the crimes he is charged with. If Kentucky has jurisdiction, there is no violation of the Due Process Clause.

Appellant contends that he has not committed an offense within Kentucky; never resided in Kentucky; and the decree ordering child support did not originate in a Kentucky court. Therefore, Kentucky lacks jurisdiction to prosecute him. The Appellant acknowledges that the crime of flagrant nonsupport is found in KRS 530.050 but relies on KRS 500.060 to support his claim which states in relevant part:

(1) Except as otherwise provided in this section, a person may be convicted under the law of this state of an offense committed by his own conduct ... for which he is legally accountable when:

(a) Either the conduct or the result which is an element of the offense occurs within this state; or

. . . .

(e) The offense consists of the omission to perform a legal duty imposed by the law of this state regardless of where that person is when the omission occurs[.]

Cleveland emphasizes the portion of subsection (e) that reads "... imposed by the law of this state ..." to support his theory that his Hamilton County, Tennessee divorce decree ordering child support payments does not subject him to criminal jurisdiction in Kentucky.

To support his interpretation of subsection (e), Cleveland also offers the Commentary of KRS 500.060 which reads:

Subsection (e) provides for the prosecution in this state of an offense that is based upon the nonperformance of a legal duty. Without regard to the location of a defendant at the time of nonperformance, the offense is committed in Kentucky if the legal duty is imposed by Kentucky law. The most frequent application of this subdivision may involve the failure of a parent to support his children. This offense (nonsupport) is punishable by this state, even though committed by an omission outside the state, since the conduct involved affects an interest of this state.

In his brief, Cleveland particularly emphasized the portion of the Commentary that reads, "... the offense is committed in Kentucky if the legal duty is imposed by Kentucky law."

The Appellant erroneously believes that Kentucky law does not impose a duty on him since he is a Tennessee resident. The Appellant also contends that he has not violated a Kentucky law, and therefore, the Commonwealth of Kentucky lacks jurisdiction in this matter. Section 530.050 of the Kentucky Revised Statutes sets out the crime of flagrant nonsupport and in relevant part states:

(2) A person is guilty of flagrant nonsupport when he persistently fails to provide support which he can reasonably provide and **which he knows he has a duty to provide by virtue of a court or administrative order to a minor** or to a child adjudged mentally disabled, indigent spouse or indigent parent and the failure results in: (Emphasis added.)

(a) An arrearage of not less than one thousand dollars ($1,000); or

(b) Six (6) consecutive months without payment of support[.]

Subsection (2) of KRS 530.050 imposes a duty upon the parents of minor children to provide support when ordered to do so by a court. Subsection (2) does not mandate that the order must originate from a Kentucky court. The failure to comply with an order from any court imposing an obligation to support a child found within the jurisdictional boundaries of the Commonwealth of Kentucky is a violation of Kentucky law.

Appellant incorrectly argues that portion of KRS 530.050 to require a violation of a Kentucky order to be guilty of the offense. That view is too narrow. We believe a person can violate a Kentucky law without violating a Kentucky order.

Having established that the flagrant nonsupport statute imposes a duty upon the Appellant, we now examine the jurisdictional issue. The same statute relied on by the Appellant to justify his claim that Kentucky lacks jurisdiction actually provides jurisdiction to the courts of Kentucky in this matter. KRS 500.060(1) states that Kentucky has jurisdiction when:

(a) Either the conduct **or** *the result which is an element of the offense occurs within this state;* or

(e) The offense consists of the omission to perform a legal duty imposed by the law of this state regardless of where that person is when the omission occurs[.] (Emphasis added.)

The subsections confer jurisdiction with Kentucky courts when an element of a crime is completed within Kentucky and when the result that makes the activity a crime occurs in Kentucky or when the omission of an established court ordered duty to someone in Kentucky occurs, whether or not the individual is within the jurisdictional boundaries of Kentucky at the time of the act or omission.

In the instant case it is not disputed that the Appellant failed to provide support to his minor children who, at all times relevant, were living in Graves County, Kentucky. This is an element of the crime of flagrant nonsupport. Also, under KRS 500.050, he failed to perform a legal duty to provide child support that the Hamilton County, Tennessee court ordered him to pay.

Since the Graves Circuit Court properly had jurisdiction, we do not need to review the constitutional question raised by the appellant.

Based upon the foregoing, the Graves Circuit Court properly denied the motion to dismiss and had jurisdiction to hear this case. The decision of the Graves County Circuit Court is affirmed.

ALL CONCUR.